WEBSTER CORNELLISON *v.* SUSANNAH CORNELLISON'S ADMR. ET AL.

**Vendor and Purchaser—Rights of Purchaser on Eviction, to Improvements.**

Ordinarily a purchaser by a parol contract, turned out of possession by his vendor, is entitled to be paid for his improvements, and if the owner of land induce another to enchance its value by improving it with a verbal assurance that he will be compensated by having the use of the property for a term of years, he will be allowed the vaue of his improvements, with a lien on the land, if the owner requires restitution of the possession in violation of his agreement.

**Same.**

This equitable principle will apply where the defendant had improved land, under the belief induced by his mother, that she would not reclaim the possession, but would ultimately, convey the land to him, but where he was afterwards ousted by the administrator of her estate.

APPEAL FROM MADISON CIRCUIT COURT.

June 4, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

In the case of Susannah Cornellison against the appellant involving the title to the land, which is the subject of this suit, this court, at the winter term, 1866 *(1 Bush., 149)*, decided in effect, that although it was probably true that the appellant had improved the land on the faith of an understanding between him and said Susannah, who was his mother, by which he was led to expect that she would not reclaim the possession, but would, at some future time convey the title to him, the evidence was not such as to sustain the judgment in that case in bar of her claim to the land. And although that judgment was reversed with directions to dismiss the original and cross-petitions, without prejudice to the rights of the parties, that decision virtually concluded the question of title, leaving all other questions open for further adjudication.

The amicable character of the appellant's possession, being

46

terminated by the former suit, said Susannah Cornellison brought this action, again seeking to recover possession of the land, and the appellant by his answer and counter-claim again asserted a claim for improvements. And said Susannah having died, the action and counter-claim were properly revived, and against her personal representative and devisees.

The court, on hearing the cause adjudged to the plaintiffs a recovery of the possession of the land, and dismissed the cross-petition, and to reverse that judgment this appeal is prosecuted.

The conclusion inferentially expressed in the opinion in the former case that the appellant had improved the land, under a belief induced by his mother that she would not reclaim the possession, but would ultimately convey the land to him, is, we think, sustained by the evidence in the record of the former case, recognized as competent by both parties, and not wholly conflicting with the reply of said Susannah in this case. And from the proof in that record it sufficiently appears that lasting and valuable improvements were made by the appellant, which, so far as they enhanced the value of the land, should have been estimated and adjudged to him with a lien on the land, subject, however, to an account of rents and profits, which should have been estimated from the disaffirmance of said parol understanding, by the institution of the first suit, if the circumstances were such as to authorize any compensation for improvements, except that by the fifth clause of the will of Susannah Cornellison, deceased, the appellant is released from accountability for the rent, use and occupation of the land till her death. They should, therefore, only be charged against the appellant from the time of the death of the testatrix.

Ordinarily, a purchaser by a parol contract, turned out of possession by his vendor, is entitled to be paid for his improvements, and if the owner of land induce another to enhance its value by improving it, with a verbal assurance that he will be compensated by having the use of the property for a term of years, he will be allowed the value of his improvements, with a lien on the land, if the owner requires restitution of the possession in violation of his agreement, and he should not be compelled to restore the possession till paid the amount due him, on an equitable adjustment, by the enforcement of his lien or otherwise (*Reed v. Lander,* 5 Bush., 21; *Griffith v. Depew,* 3 Marshall, 177).

These equitable principles were, we think, peculiarly applicable to this case, and the court should, therefore, before adjudging a change of the posesssion, have ordered an account to be taken of improvements, and rents and profits, as herein indicated.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Turner,* for appellant.

*Burnam & Caperton,* for appellees.